UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit,# 318455, *aka* Yahya Muquit, | ) C/A No. 2:08-3959-CMC-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Marc Kitchens, Clerk of Court for the County of Spartanburg, 7th Judicial Circuit, | ) |
| Defendant. | ) |

## Background of this Case

The plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). He is serving a forty-year sentence for an armed robbery conviction entered in the Court of General Sessions for Spartanburg County. In the above-captioned case, the plaintiff has brought suit against the Clerk of Court for Spartanburg County for actions taken in connection with a closed state court criminal case currently on direct appeal and a purported state habeas corpus action that the plaintiff submitted in November of 2008.

Information disclosed in the plaintiff's pending habeas corpus action, *Muqit v. Warden [of] McCormick Correctional Institution*, Civil Action No. 2:08-3904-CMC-RSC, reveal that the petitioner has

1

a direct appeal pending before the South Carolina Court of Appeals. The plaintiff has unsuccessfully sought copies of state court grand jury proceedings from his closed case from the Office of the Seventh Circuit Solicitor, the Clerk of Court for Spartanburg County, and the Office of South Carolina Court Administration. The plaintiff has also attempted to submit a state habeas corpus action, even though his direct appeal is still pending.

In his prayer for relief, the plaintiff appears to be seeking a declaratory judgment that the defendant has violated his rights and that the plaintiff is unconstitutionally and unlawfully imprisoned. The plaintiff, specifically, also seeks one million dollars in damages.

## Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

4

County Clerks of Court are elected by voters of a county. *See* S.C. Const. Art. V, § 24 ("There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof."). Since the Clerk of Court for Spartanburg County is an elected state official, he is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

In his individual capacity, the Clerk of Court has quasi judicial immunity.[4] *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), aff'd per curiam on other grounds, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their

---

[4] It appears that the plaintiff is not aware that the Supreme Court of South Carolina has directed county clerks of court not to file *pro se* pleadings (other than a motion to relieve counsel) in cases where the litigant has counsel of record. *See State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998); and *Koon v. Clare*, 338 S.C. 423, 527 S.E.2d 357 (2000).

6

official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992), quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989). See also Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); and Mayes v. Wheaton, 1999 U.S.Dist. LEXIS 17182, 1999 WL 1000510 (N.D. Ill., Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), citing Forrester v. White, 484 U.S. 219, 226-27 (1988).

Insofar as the plaintiff is challenging his conviction entered in the Court of General Sessions for Spartanburg County, this civil rights action is subject to summary dismissal because a right of action has not accrued. See Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

>actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). See also Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995), affirmed, 87 F.3d 108 (3rd Cir. 1995).

Until the plaintiff's conviction is reversed, vacated, or set aside during the direct appeal, post-conviction action, or in a federal habeas corpus action, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in Heck v. Humphrey. Sufka v. Minnesota, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn.,

Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Since the plaintiff has recently filed a federal habeas corpus action, *Muqit v. Warden [of] McCormick Correctional Institution*, Civil Action No. 2:08-3904-CMC-RSC, it is clear that the plaintiff has not received a favorable termination of his criminal case. This court may take judicial notice of *Muqit v. Warden [of] McCormick Correctional Institution*, Civil Action No. 2:08-3904-CMC-RSC. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank

were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the defendant is immune from suit and the plaintiff seeks, *inter alia*, one million dollars in damages from him, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

December 15, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).