IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Yahya Muqit, #318455, | ) | C/A NO. 2:08-3959-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Marc Kitchens, Clerk of Court for the | ) | |
| County of Spartanburg, 7th Judicial | ) | |
| Circuit, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation ("Report"). On December 15, 2008, the Magistrate Judge issued a Report recommending that the complaint be dismissed with prejudice and without issuance and service of process and that this complaint be deemed a "strike" for the purposes of the "three strike" rule of 28 U.S.C. § 1915(g). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the consequences if he failed to do so. Plaintiff filed objections to the Report on January 5, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections the court agrees with the conclusions of the Magistrate Judge. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. The court declines to count this matter as a "strike" under 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 13, 2009

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\08-3959 Muqit v. Kitchens adopt rr dism w prej count as strike.wpd

---

[1] The statute indicates that a "strike" is a case "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). Although a case may be dismissable under § 1915A(b)(2) because it "seeks monetary relief from a defendant who is immune from such relief[,]" it does not appear to this court that this is reason enough to deem this case a "strike" under § 1915(g). In other words, the portion of § 1915(g) in question does not indicate a "strike" as being a case in which a prisoner seeks monetary relief from a defendant who is immune from suit. Therefore, the court declines to count this matter as a "strike" for purposes of 28 U.S.C. § 1915(g).